# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

TROY G. AVERA,

    Plaintiff,

v.                                         CASE NO. 4:08cv550-RH/WCS

UNITED AIR LINES, et al.,

    Defendants.

_____/

## ORDER DISMISSING THE CLAIMS
## AGAINST THE FEDERAL DEFENDANTS

    This case is before the court on the magistrate judge's report and recommendation (document 62). No objections have been filed. The report and recommendation is correct and will be adopted as the court's opinion, with these additional notes.

    The plaintiff was a commercial airline pilot. He was forced to retire under the Federal Aviation Administration's "age 60 rule." That rule set the mandatory retirement age for airline pilots at 60. Shortly after the plaintiff retired, Congress passed the "Fair Treatment of Experienced Pilots Act." The Act—referred to in this order by the less Orwellian title "Pilots Act"—raised the mandatory retirement

age to 65. The plaintiff was eligible to reapply for his old job, or any other, but he had lost his seniority and was unable to obtain a position as an airline pilot.

The plaintiff filed this lawsuit against his former employer—United Air Lines—and against two federal defendants: the FAA and the Department of Transportation. The federal defendants moved to dismiss the claims against them. The report and recommendation correctly concludes that the motion should be granted.

The damages claims against the federal defendants are barred by sovereign immunity.

The claim for injunctive relief against the federal defendants based on the alleged invalidity of the age 60 rule is moot because the rule is no longer in effect and any relief that would be available if it were held invalid—reinstatement, for example—would run only against United, not against the federal defendants.

The claim for injunctive relief based on the alleged unconstitutionality of the Pilots Act provision for mandatory retirement at age 65 fails because the provision is constitutional.

The challenge to the Pilots Act immunity provision—under which a defendant cannot be held liable for actions taken in compliance with either the age 60 rule or the Pilots Act age 65 provision—fails to state a claim against the federal defendants because they would be immune with or without the provision; if the

immunity provision were held unconstitutional, it would mean only that the plaintiff could pursue a claim against United, not that he could obtain relief from the federal defendants. This makes it unnecessary, in connection with the federal defendants' motion to dismiss, to address the issue of whether Congress may validly provide immunity against an already-existing and otherwise-well-founded claim.[1]

This order expressly determines that there is no just reason for delay and expressly directs the entry of judgment in favor of the federal defendants under Federal Rule of Civil Procedure 54(b).

For these reasons and those set out in the report and recommendation, IT IS ORDERED:

1. The report and recommendation is ACCEPTED and adopted as the court's opinion.

2. The motion to dismiss filed by the United States Department of Transportation and the Federal Aviation Administration (document 52) is GRANTED.

3. The clerk must enter a judgment under Federal Rule of Civil Procedure 54(b) stating, "All claims against the United States Department of Transportation

---

[1] Even if the immunity provision were held invalid, relief would be available against United only if the mandatory-retirement provisions were also held invalid, despite the abundant contrary authority cited in the report and recommendation.

and the Federal Aviation Administration are dismissed with prejudice."

  4. The plaintiff's motion to strike (document 56) is DENIED.

  5. The case is remanded to the magistrate judge for further proceedings on the plaintiff's claims against the defendant United Air Lines.

  SO ORDERED on January 28, 2010.

           <u>s/Robert L. Hinkle</u>
           United States District Judge