# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

TROY G. AVERA,

    **Plaintiff,**

vs.                                                                      Case No. 4:08cv550-RH/WCS

UNITED AIR LINES,

    **Defendant.**

_____/

## SECOND REPORT AND RECOMMENDATION

On July 12, 1010, the *pro se* Plaintiff filed a motion seeking leave to file a second amended complaint. Doc. 99. The basis for the motion is that the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal of the order dismissing the Federal Defendants. Plaintiff argues that judicial economy is served by determining all issues for all parties which can be included if Plaintiff's motion to amend is granted.

The Federal Defendants have filed a response, doc. 101, objecting to Plaintiff's motion. These Defendants, who were previously dismissed from this action, assert that motion should be denied because the proposed amended pleading presents grounds and claims already dismissed from this case. Doc. 101, p. 3. Moreover, Defendants note that Plaintiff is simultaneously pursuing three separate cases at this time. *Id.*, at 2.

Plaintiff has already presented the claims he wishes to add in this case in the other *two* cases. *Id.*, at 2-3.

Rule 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). When an amended complaint still fails to state a viable claim, it is not an abuse of discretion to deny a motion to amend. Smith v. Secretary For Dept. of Corrections, 2007 WL 3089531, *2 (11th Cir., Oct. 24 2007).

In December, 2009, I entered a report and recommendation recommending dismissal of the claims against the federal Defendants. Doc. 62. In January, 2010, the report and recommendation was adopted. Doc. 66. Plaintiff may not again present claims already dismissed. Plaintiff's motion to amend is not serving judicial economy, but hindering it. This case should proceed solely against the remaining Defendant, United Air Lines, on the claims now surviving in the first amended complaint, doc. 43.

Furthermore, Defendant's summary judgment motion, doc. 86, is ready for review and has been pending for several months. *See* doc. 90. This case has been pending in this court for over 18 months. Discovery has ended, and the complaint against the federal Defendants has been dismissed for eight months. Amendment of the complaint

as proposed would cause undue delay.  It is time to move this case forward, not backwards.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion seeking leave to file a second amended complaint, doc. 99, be **DENIED** and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 18, 2010.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**